UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BENJAMIN WOODY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:13-cv-1580-LJM-DML |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Motion to Dismiss and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the defendant's motion to dismiss pursuant to Rule 12(b)(6) [dkt. 14] is **granted.**

## I. Allegations

The plaintiff alleges in his complaint that he has been denied contact visitation since August 28, 2012, based on a finding of misconduct which did not involve a violation of the visitation rules. The conduct report was based on disciplinary code: 235 "fleeing or physically resisting a staff member in the performance of his/her duty." He alleges that his non-contact visits were made permanent on August 28, 2012. He alleges the denial of his non-contact visits violates his due process and equal protection rights and the Separation of Powers Clause of the United States Constitution. He seeks injunctive relief in the form of having his full contact visitation rights restored immediately. The plaintiff's claim was allowed to proceed against a single defendant, Superintendent Dushan Zatecky, in his official capacity only.

The defendant filed a motion to dismiss pursuant to Rule 12(b)(6) on January 27, 2014. The plaintiff has opposed the motion.

## II. Legal Standard

In considering a motion to dismiss for failure to state a claim, the Court reviews the complaint in light of Rule 8(a) of the *Federal Rules of Civil Procedure*, which provides: "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes dismissal of complaints that state no actionable claim. In conducting an appropriate analysis for this purpose,

> [a]ll well-pleaded facts are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. [*Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008)]. The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1965, 1973 n.14, 167 L.Ed.2d 929 (2007)).

*Hale v. Victor Chu,* 614 F.3d 741, 744 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Discussion

*Due Process Claim*

The defendant argues that restricting an inmate to non-contact visitation does not violate due process. The Court agrees. Inmates do not have a liberty interest in having access to visitors, and therefore they are not entitled to due process before they lose visitation privileges. *Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 461 (1989) (denial of access to a particular visitor is not independently protected by the Due Process Clause); *Lekas v. Briley,* 405 F.3d 602, 611-12 (7th Cir. 2005) (deprivation of visits is not an atypical and significant hardship sufficient to trigger due process protections); *DeWalt v. Carter,* 224 F.3d 607, 613 (7th Cir. 2000).

When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001). The plaintiff's due process claim fails as a matter of law.

*Equal Protection Claim*

The defendant argues that the complaint fails to state an equal protection claim because the plaintiff did not allege that he belongs to a suspect class and the restriction was reasonably related to a legitimate penological interest. The plaintiff responds that the Equal Protection Clause applies to prisoners. While this is a true statement, it is also true that a "person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). The complaint does not allege that the defendant discriminated against the plaintiff because he belongs to any protected class. To the extent the plaintiff contends that prisoners are a suspect class, he is mistaken. "Prisoners are not a suspect class" for purposes of equal-protection. *Johnson v. Daley,* 339 F.3d 582, 585-86 (7th Cir. 2003). A prison may treat prisoners differently as long as the unequal treatment is rationally related to a legitimate penological interest. *Id.*; *see also Williams v. Lane,* 851 F.2d 867, 881 (7th Cir. 1988). The denial of contact visits under these circumstances comports with the prison's legitimate interests in security and in maintaining order in the operation of the prison.

*Separation of Powers Claim*

The defendant argues that limiting the plaintiff to non-contact visitation does not implicate separation of powers. The plaintiff contends that the prison's restriction of his contact

visits as a result of rule violations violates the Separation of Powers Clause of the United States Constitution because it conflicts with the legislative statute, Ind. Code § 11-11-5-4. That statute provides that the Department of Correction may not impose certain punishments as disciplinary actions. Subpart (4) of that statute prohibits "[r]estrictions on clothing, bedding, mail, visitation, reading and writing materials, or the use of hygienic facilities, except for abuse of these." *Id.* Indiana courts have held that the Indiana legislature did not intend to confer a private right of action to enforce Ind. Code § 11-11-5-4. *Medley v. Lemmon,* 994 N.E.2d 1177, 1184 (Ind. Ct. App. 2013). The Indiana Administrative Orders and Procedures Act also precludes judicial review of any "agency action related to an offender within the jurisdiction of the department of correction." *Id.* (quoting Ind. Code § 4.21.5-2-5(6)). The plaintiff cannot circumvent his inability to bring an action under the state statute by alleging a separation of powers claim in district court. These circumstances do not support a finding of any violation of the separation of powers doctrine.

The Supreme Court has held that "[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Turner v. Safley,* 482 U.S. 78, 84-85 (1987). "Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint." *Id.* In other words, the interplay between the executive and legislative branches in running prisons is proper. The Court is cautioned to "accord deference to the appropriate prison authorities." *Id.* at 85. The Court shall discharge its duty to protect constitutional rights, but in this instance, the Constitution has not been violated.

## IV. Conclusion

As a matter of law, the plaintiff's complaint fails to state a claim upon which relief can be granted. For the reasons explained in this Entry, the defendant's motion to dismiss pursuant to Rule 12(b)(6) [dkt. 14] must be **granted.** Judgment consistent with this Entry and with the Entry of November 1, 2013, shall now issue.

**IT IS SO ORDERED.**

Date: 05/14/2014

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Benjamin Woody
#10011
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN   46064-9001

Electronically registered counsel